I agree that the state failed to establish by clear and convincing evidence that Wilkinson is likely to engage in the future in one or more sexually-oriented offenses. Under the Eppinger model, Wilkinson's one sexually-oriented offense committed upon a twelve-year-old "is not a clear predictor of whether that person is likely to engage in the future in one or more sexually oriented offenses." State v. Eppinger,91 Ohio St.3d at 162, 743 N.E.2d at 886. I believe, however, that the majority has employed the wrong basis — an assignment of error aimed at the sufficiency of the evidence — to justify its decision and to compel the remedy it has ordered. Because, in my view, the test for the sufficiency and the manifest weight of the evidence in a civil case is essentially the same, I believe that the judgment should be reversed and that the case should be remanded to the trial court for a rehearing.
The trial court's finding that "Wilkinson's inability to recognize a child when he sees a child" did not justify its conclusion that Wilkinson is a sexual predator. This statement was nothing more than hyperbole and was no more persuasive than the statement in State v. Eppinger,91 Ohio St.3d at 159, 743 N.E.2d at 883, that "neither expert is competent to predict the future conduct of the individual and [I] will take the testimony of a gypsy over those people in attempting to predict the future conduct of an individual."
A sexual-offender-classification hearing under R.C. 2950.09(B) is a civil proceeding. See State v. Cook, 83 Ohio St.3d at 423,700 N.E.2d at 585; see, also, State v. Gowdy (2000), 88 Ohio St.3d 387, 398,727 N.E.2d 579, 589. As a civil proceeding, the standard of appellate review for a sexual-offender-classification hearing was determined to be manifest weight of the evidence in State v. Cook, 83 Ohio St.3d at 426,700 N.E.2d at 587-588. Under the manifest-weight-of-the-evidence standard in a civil case, the reviewing court must determine from the record if the judgment is supported by some "competent, credible evidence going to all essential elements of the case." C.E. Morris Co. v. Foley Constr.Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus.
A review for sufficiency of the evidence is reserved for a criminal trial and is linked to the state's burden to prove guilt beyond a reasonable doubt. It is a test of adequacy that is constitutionally mandated by the Due Process Clause. See State v. Thompkins (1997),78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546. To reverse a criminal conviction for insufficient evidence, the reviewing court must conclude, after viewing the evidence in the light most favorable to the prosecution, that no rational trier of fact could have found that all the essential elements of the crime had been proved beyond a reasonable doubt. See id.
The concepts of sufficiency and manifest weight of the evidence are qualitatively and quantitatively different in a criminal trial. Although the supreme court did address "sufficiency" in Eppinger, its discussion was only in the context of the sufficiency of the procedures for the classification hearing rather than the sufficiency of the evidence. SeeState v. Eppinger, 91 Ohio St.3d at 163-164, 743 N.E.2d at 886-887. The due-process requirements in a civil trial are not subject to the heightened constitutional considerations attending a conviction in a criminal trial. Therefore, in the appeal of a civil case, the test for sufficiency and manifest weight is essentially the same. See State v.Hunter, 144 Ohio App.3d at 121, 759 N.E.2d at 812; see, also,Lichentenberg Constr. Dev., Inc. v. Paul W. Wilson, Inc. (Sept. 28, 2001), Hamilton App. No. C-000811, unreported; Lakeshore Properties,Universal AM-CAM, Ltd. (Feb. 16, 2001), Hamilton App. No. C-000321, unreported; Duvall v. Time Warner Entertainment Co. (June 25, 1999), Hamilton App. No. C-980515, unreported. The effect of the majority's decision is to reverse these precedents.
Granted, under the weight analysis, the remedy ordered by the majority could be imposed. Pursuant to App.R. 12(C), where a trial court's judgment in a bench trial has been determined to be against the manifest weight of the evidence, the appellate court has the option to reverse and "render the judgment or final order that the trial court should have rendered on that evidence" or to remand the case to the trial court for further proceedings. But because a sexual-offender-classification hearing is a civil and remedial statutory proceeding, designed to "provid[e] adequate notice and information about sexual predators" to the public, and not subject to the Double Jeopardy Clause, "the safety and general welfare" of the public ought to be the overriding concern in our review. R.C. 2950.02; see State v. Cook, 83 Ohio St.3d at 417, N.E.2d at 581.
When the state's evidence establishes the existence of one or more of the factors found in R.C. 2950.09(B)(2), there is some competent, credible evidence supporting the trial court's adjudication of the defendant as a sexual predator, although it may not satisfy the threshold for clear and convincing evidence. The statutory guidelines do not direct what weight, if any, the trial court must assign to each factor in determining the likelihood of recidivism. See State v. Thompson (2001),92 Ohio St.3d 585, 587-588, 752 N.E.2d 276, 280. Here, the only factors supported by the record are Wilkinson's age of twenty years and that of the twelve-year-old victim.
Despite the age factors under R.C. 2950.09(B)(2)(a) and (c), the trial court's stated reason for its determination that Wilkinson is a sexual predator simply has no evidentiary support in the record. To satisfy the intent of the legislature, I would remand this case to the trial court for a rehearing with instructions to determine if expert evidence is indicated and to reassess the evidence of record and any new evidence offered by the parties under the appropriate factors in R.C. 2950.09(B)(2). The court should then determine whether, by clear and convincing evidence, Wilkinson is likely to engage in the future in one or more sexually-oriented offenses. See R.C. 2950.01(E); see, also, State v.Eppinger, 91 Ohio St.3d at 162, 743 N.E.2d at 885.